IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. CR 11-00671 SBA |
| Plaintiff, | **ORDER FOR CRIMINAL PRETRIAL PREPARATION** |
| v. | |
| ROBINSON, | |
| Defendant. | |

Good cause appearing, it is hereby ORDERED that:

A. **Trial Date.** Trial before the ***TO BE SET AT PRETRIAL CONFERENCE*** shall begin on , at 8:30 a.m., in Courtroom No. 1 of the United States Courthouse, 1301 Clay Street, 4th Floor, Oakland, California, 94612. The Court's trial hours are from 8:30 a.m. to 2:00 p.m., with two fifteen-minute breaks, on Monday, Wednesday, Thursday and Friday.

B. **Trial Length.** The estimated length of trial is .

C. **Discovery.** By the close of business, , the parties will exchange the information, documents, and tangible objects authorized by Fed. R. Crim. P. 16. Additional discovery shall be by motion accompanied by affidavits setting for the unusual circumstances justifying discovery beyond the limits of Fed. R. Crim. P. 16. COUNSEL SHALL MEET AND CONFER REGARDING ANY DISCOVERY MATTERS PRIOR TO FILING OF ANY DISCOVERY MOTIONS.

D. **Motions.** All motions will be heard on Tuesday, , at 11:00 a.m. in Courtroom No. 1, and shall comply with Crim. L.R. 47-2.

E. **Pretrial Preparation.** The motions will comply with the following schedule for pretrial preparation.

All Counsel who will try the case shall appear for a pretrial conference in Courtroom 1 on Tuesday, ***2/12/13***, at 11:00 a.m. Counsel for defendant(s) and for the government are directed to

confer on all applicable pretrial agenda matters enumerated in Criminal Local Rule 17.1-1 prior to the pretrial conference and be prepared to discuss them at that conference. The following pretrial preparation shall be accomplished by the counsel for the government no later than *1/8/13*.

(1) Serve and file a trial memorandum briefly stating the legal basis for the charges and the anticipated evidence, and addressing any evidentiary or other anticipated legal issues;

(2) Serve and file a list of all witnesses which may be called together with a brief summary of the testimony of each;

(3) Serve and lodge requested jury instructions in the following form:

(a) the parties shall file a **joint** set of jury instructions as to those instructions on which the parties have reached agreement. As to any disputed instructions, each party shall separately submit its "proposed" instruction(s) supported by a memorandum setting forth the authority for its use. Responses or objections to any "proposed" jury instruction shall be filed no later than the date of the pretrial conference. All instructions shall be written in plain English which is comprehensible to jurors, concise and free of argument, and shall be organized in a logical fashion so as to aid jury comprehension, and are also to be provided on a CD in a word format. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions;

(4) Serve and lodge proposed voir dire of the jury panel;

(5) Serve and lodge a proposed form of verdict:

(6) Serve copies of all exhibits to be offered at trial together with a completed list of exhibits (in the form attached). Each item shall be premarked using the form of marker attached; generally, the government will use numbers, defendant letters. The Court requires one original version of exhibits for the Clerk and two copies (one for the Bench and one for the witness stand). All such versions of the exhibits, including the originals, should be indexed into a binder for easy and quick reference by all parties. The first page of each binder should have a copy of the exhibit list appropriately completed with each exhibit description and its designated number or letter. Exhibits should be brought to Court on the first day of trial.

No later than *1/8/13*, the defense counsel shall comply with paragraphs (3) and (4), above, and, to the extent consistent with the defendant's right to an effective defense, with paragraphs (1), (2) and (6).

In particular, counsel will be expected to confer in advance and be prepared to discuss with the court any anticipated evidentiary objections and means for shortening and simplifying the trial (e.g., by stipulations to such matters as chain of custody, the nature of substances, the use of the mail, etc.). See Crim. L.R. 17.1-1.

F. **COPIES.** Each document filed or lodged with the court must be accompanied by a copy for use in the judge's chambers. In addition, one copy of the witness and exhibit lists should be provided to the court reporter.

G. **TRANSCRIPTS.** If transcripts will be requested during or immediately after the trial, arrangements must be made with the court reporter at least one week before trial commences.

1      H. **CHANGE OF PLEA.** Defense Counsel shall give prompt notice to the United States attorney and the Court of any intention to change a previously entered not guilty plea. Government Counsel shall provide the Court with a copy of the plea agreement on the Friday before the defendant is set to change his/her plea.

\*\*\*MOTIONS IN LIMINE AND/OR OBJECTIONS TO EVIDENCE DUE *1/15/13*.

\*\*\*RESPONSES TO OBJECTIONS TO EVIDENCE AND/OR MOTIONS IN LIMINE DUE *1/22/13*.

\*\*\*REPLIES TO OBJECTIONS TO EVIDENCE AND/OR MOTIONS IN LIMINE DUE*1/29/13*

Dated: 1/2/13

                                                               *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge